## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LOUIS DARRYL TARANTOLA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 10-3131-JAR |
| ) | |
| ) | |
| **CUSHING MEMORIAL HOSPITAL and** ) | |
| **DR. GEORGE SPEER,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

This suit was filed by Plaintiff Louis Tarantola, a *pro se* prisoner, seeking redress for medical treatment he received by Dr. George Speer at Cushing Memorial Hospital ("Hospital") after an injury he sustained while imprisoned at the United States Penitentiary in Leavenworth, Kansas. Before the Court is the Hospital's Motion to Dismiss (Doc. 15) on the basis that vicarious liability is not available because Plaintiff's Complaint does not allege that Dr. Speer was an agent or employee of the Hospital when he treated Plaintiff. As described more fully below, the Court grants the Hospital's motion because Plaintiff fails to allege facts sufficient to hold the Hospital liable for Dr. Speer's actions.

### I.     Background

When construing plaintiff's *pro se* Complaint, the Court bears in mind that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[1] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[6]

Plaintiff alleges in his Complaint that he was transported to Cushing Memorial Hospital after suffering injuries to his head and hand while incarcerated at U.S.P. Leavenworth.  Dr. Speer treated Plaintiff's head injury with stitches and staples, which left a "worm like" scar on Plaintiff's forehead causing disfigurement and disability.

On October 31, 2011, Plaintiff filed an affidavit in support of his Complaint, in which he further alleges that "other medical staff whose names are presently unknown to me also assisted [Dr. Speer] or were responsible for my care and treatment."  He alleges that Dr. Speer and other medical staff were responsible for his care and treatment and that they were negligent and reckless in their treatment of him.

---

[2]*Id.*

[3]*Id.*

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[6]*Hall*, 935 F.2d at 1110 (citation omitted).

2

## II.     Legal Standard

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[9] but requires more than "a sheer possibility."[10]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[11] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[12] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[13]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

---

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[10]*Id.*

[11]550 U.S. 544 (2007).

[12]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[13]*Id.* (citing *Twombly*, 550 U.S. at 556).

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[14] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[15]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[16]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

### III.     Discussion

Liberally construing Plaintiff's Complaint, he alleges a constitutional claim under 42 U.S.C. § 1983 for deliberate indifference to his medical needs and a state law claim for medical malpractice.  To the extent Plaintiff alleges a constitutional claim of deliberate indifference, the Hospital may only be liable if its actions are fairly attributable to the state, and constituted an official policy or custom that caused the constitutional tort.[18]  Plaintiff does not allege that his injuries were a result of any Hospital policy or custom, so he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against the Hospital.

Plaintiff alleges further that the Hospital was negligent under state law based on the acts of Dr. Speer and other unknown staff members.  Under Kansas law, there may be no liability

---

[14] *Iqbal*, 129 S. Ct. at 1949–50.

[15] *Id.* at 1950.

[16] *Id.*

[17] *Id.* at 1949.

[18] *Beedle v. Wilson*, 422 F.3d 1059, 1066 (10th Cir. 2005); *see also Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

"against any licensed medical care facility because of the rendering of or failure to render professional services within such medical care facility by a person licensed to practice medicine and surgery if such person is not an employee or agent of such medical care facility."[19]  Plaintiff does not allege that Dr. Speer was an employee or agent of the Hospital.  Instead, he seeks discovery in order to determine whether Dr. Speer was an employee or agent of the Hospital.  But this matter is before the Court on a motion to dismiss which requires the Court to evaluate the allegations in the Complaint, not whether plaintiff can muster evidentiary support for his claims.  Plaintiff's claim against the Hospital for negligence is barred if Dr. Speer is not its employee or agent.[20]  Plaintiff does not allege that Dr. Speer is an agent or employee of the Hospital and the Court may not round out the Complaint by supplying additional factual allegations.

Furthermore, Plaintiff makes no specific allegations of negligence by other Hospital employees.  He repeatedly alleges that Dr. Speer was negligent or reckless in suturing his forehead.  Plaintiff's only reference to other Hospital employees is in the October 31, 2011 Affidavit where he alleges that Hospital staff "assisted him or were responsible for my care and treatment."  But it is clear from the specific factual allegations in the Complaint that Plaintiff's claim against the Hospital is "because of" and "arises out of" Dr. Speer's rendering or failing to render his professional service in treating his head injury.[21]  Because Plaintiff does not allege

---

[19] K.S.A. § 65-442(b); *see also* K.S.A. § 40-3403(h).

[20] *See Aldoroty v. HCA Health Servs. of Kan., Inc.*, 962 P.2d 501, 511 (Kan. 1998) (explaining theory of corporate liability as compared to employer/employee liability and that physicians are customarily independent contractors).

[21] *See McVay v. Rich*, 874 P.2d 641, 643–46 (Kan. 1994).

sufficient facts that, if assumed to be true, would establish vicarious or corporate liability, his claims against the Hospital must be dismissed without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Hospital's Motion to Dismiss (Doc. 15) is granted.  Plaintiff's claims against Cushing Memorial Hospital are dismissed without prejudice.

Dated: November 30, 2011

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE