IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF KANSAS

LOUIS DARRYL TARANTOLA,

        Plaintiff,

  vs.                        CASE NO. 10-3131-RDR

CUSHING MEMORIAL HOSPITAL,

        Defendant.

## MEMORANDUM AND ORDER

This is a medical malpractice action based upon diversity jurisdiction brought by Louis Tarantola, a pro se prisoner, against Cushing Memorial Hospital (CMH) and Dr. George Speer. He seeks damages for medical treatment he received from Dr. Speer at CMH after he sustained an injury while he was imprisoned at the United States Penitentiary at Leavenworth, Kansas(USP-Leavenworth). This matter is presently before the court upon the motions for summary judgment filed by the defendants.[1]

---

[1] Plaintiff has filed a "motion clarifying two points for court's record." In this motion, plaintiff notes that he does not have access to state law at his present facility. He further asks if he needs to amend his complaint to add a claim for damages based on a subarachnoid hemorrhage he received as a result of his initial injury. The court responds to this motion by noting that it understands that plaintiff does not have access to all of the state law cited by the defendants. The court intends to review plaintiff's allegations liberally. However, the court cannot be an advocate for the plaintiff. Plaintiff has the responsibility to address the arguments made by the defendants. Concerning plaintiff's request about the need for a possible amendment, the court recognizes that such a claim is not presently made in the record. The court would not look favorably upon a motion to amend at this late date. Accordingly, to the extent that plaintiff is seeking to amend his complaint, the court shall deny this request.

I.

The factual background here is not in substantial dispute. On January 8, 2010, plaintiff was an inmate at USP-Leavenworth. He was involved in a fight or altercation on that day. He was later treated by George Speer, D.O., at CMH for lacerations and injuries to his face and head. CMH is a licensed medical facility in Leavenworth, Kansas. Dr. Speer is, and was in January 2010, licensed to practice medical medicine in Kansas. Dr. Speer was not an employee or agent of CHM in January 2010 and is not an employee or agent of CMH now. In January 2010, he had privileges at CMH. CMH is, and was in January 2010, a health care provider who is qualified for coverage under the Health Care Stabilization Fund. Dr. Speer is also, and was in January 2010, a health care provider who is qualified for coverage under the Health Care Stabilization Fund.

On June 15, 2012, plaintiff filed a complaint against Dr. Speer and CMH alleging medical malpractice. He alleges that Dr. Speer "knowingly and deliberately provided the plaintiff with substandard medical care, which resulted in permanent scars and disfigurement to plaintiff's head and face." He further alleges that "[t]he manner in which Dr. Speer used staples to close the wounds on plaintiff's head resulted in additional scarring."

Pursuant to the court's scheduling order, the deadline for plaintiff's expert disclosure was March 7, 2012. Plaintiff did not designate any medical experts or expert witnesses.

II.

In its motion, CMH contends that it is entitled to summary judgment because (1) under the circumstances here, Kansas law absolves it from liability; and (2) plaintiff has failed to designate an expert witness, which is required under Kansas law. In his motion, Dr. Speer echoes the latter argument raised by CMH, i.e., that plaintiff's claim of medical malpractice must fail due to his failure to provide expert witness testimony.

In his response to CMH, plaintiff contends initially that its argument that Kansas law absolves it from liability is "complete nonsense." He contends that, although he does not have access to state law, federal law provides that hospitals are responsible for negligence and deliberate indifference. He further argues that the Seventh Amendment provides him with a right to a jury trial. He next contends that summary judgment should be denied based on the defendants' argument that he has failed to designate an expert witness for his claims. He suggests that (1) under the "common knowledge exception," a lay person could see the damages he claims; (2) the failure of the defendants to refer him to a specialist constitutes deliberate indifference; (3) he was not told by the defendants of the serious injury that he received to his brain--subarachnoid hemorrhage. He argues that the actions of the defendants go beyond medical malpractice; he asserts they constitute deliberate indifference.

3

III.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). If this burden is met, the non-movant must set forth specific facts that would be admissible as evidence from which a rational fact finder could find in the non-movant's favor. Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Id. at 670 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). The court need not accept as true those allegations that state only legal conclusions. See id. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New

Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)(quotations and citations omitted).

IV.

The court has thoroughly reviewed the pretrial order. There, plaintiff makes no allegation of negligence against CMH. Rather, he alleges that Dr. Speer was negligent in closing a laceration on his forehead, resulting "in permanent scars and disfigurement to plaintiff's head and face." There are no allegations of independent liability against CMH. Contrary to the arguments raised in his responses to the motions for summary judgment, there are no allegations of independent liability against CMH. Plaintiff makes no claims in the pretrial order that CMH failed to refer him to a specialist or failed to inform him of his serious brain injury. Moreover, the pretrial order fails to include allegations of deliberate indifference under the Eighth Amendment.[2] The pretrial order does broadly allege that the "[d]efendants' breached the standard of care in providing medical care and treatment to plaintiff." However, plaintiff has failed to detail any specific actions by CMH that constitute negligence. The pretrial order appears only to suggest that CMH is vicariously liable for the acts and omissions of Dr. Speer.

---

[2]Such a claim could not proceed in any event since plaintiff brings this suit against private parties, not the federal government. Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitute the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal quotation marks omitted). Plaintiff has made no allegations concerning the actions of the prison officials here.

5

Under these circumstances, the court is forced to grant summary judgment to CMH under K.S.A. 65-442(b). This statute provides:

> There shall be no liability on the part of and no action for damages shall arise against any licensed medical care facility because of the rendering of or failure to render professional practices within such medical care facility by a person licensed to practice medicine and surgery if such person is not an employee or agent of such medical care facility.

The evidence before the court is undisputed that Dr. Speer was not an employee or agent of CMH. He simply had privileges at CMH. Thus, under K.S.A. 65-442(b), CMH is not liable for Dr. Speer's rendering of professional services to plaintiff's within CMH's facility. See Lemuz v. Fieser, 261 Kan. 936, 933 P.2d 134, 140-41 (1997). With this decision, the court need not consider CMH's additional argument based upon the application of K.S.A. 40-3403(h).

The court also finds that CMH and Dr. Speer are entitled to summary judgment based upon their argument that plaintiff has failed to provide expert testimony in support of his claim. The record is clear that plaintiff has failed to disclose any expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2).

To prevail in a medical malpractice action in Kansas, a plaintiff must prove three elements: "(1) that a duty was owed by the physician to the patient; (2) that the duty was breached; and (3) that a causal connection existed between the breached duty and the injury sustained by the patient." Wozniak v. Lipoff, 242 Kan. 583, 750 P.2d 971, 975 (1988). Negligence is never

6

presumed, and expert testimony is required in medical malpractice cases to establish the accepted standard of care and to prove causation. Hare v. Wendler, 263 Kan. 434, 949 P.2d 1141, 1146 (1997) (quoting Bacon v. Mercy Hosp. of Ft. Scott, 243 Kan. 303, 756 P.2d 416, 420 (1988)).

Failure to designate an expert can support dismissal of a malpractice claim.  See McCall v. Dale, 2006 WL 463205 at *2 (Kan.Ct.App. 2006) (holding inmate's failure to designate an expert witness warranted dismissal of his medical malpractice claim against employees of prison health service; it was not clear from inmate's complaint what injury he sustained or how such injury was related to his treatment by employees, and an expert witness, rather than lay testimony, was necessary to establish such a causal link).

Plaintiff has suggested that summary judgment should not be granted to the defendants because the common knowledge exception applies.  Plaintiff does not elaborate much on this contention except to state that he can show the "jury my injurys(sic)."  The court assumes this to mean that his scar alone is sufficient to demonstrate lack of reasonable care.

The common knowledge exception in medical malpractice cases applies if what is alleged to have occurred in the diagnosis, treatment, and care of a patient is so obviously lacking in reasonable care and the results are so bad that the lack of reasonable care would be apparent to and within the common knowledge and experience of mankind generally.  Webb v.

7

Lungstrum, 223 Kan. 487, 575 P.2d 22, 25 (1978) (citations omitted).

Kansas courts have identified three essential elements to the common knowledge exception: (1) the plaintiff has asserted a claim of medical malpractice; (2) the care or result of the care is patently bad; and (3) a person without the pertinent medical knowledge can assess the wrongfulness of the diagnosis, treatment, or care and attribute the plaintiff's injury to the wrongful conduct without the assistance of expert testimony. Perkins v. Susan B. Allen Memorial Hosp., 36 Kan.App.2d 885, 146 P.3d 1102, 1106 (2006) (citations omitted). Whether or not the common knowledge exception applies to a given set of facts is a question of law. Id., 146 P.3d at 1105. It is a narrow exception and has rarely been applied.

Here, plaintiff's claims involve Dr. Speer's alleged medical negligence in "us[ing] staples to close the wounds on [his] head result[ing] in additional scarring." The court is not persuaded that this type of medical malpractice and subsequent injury is a matter of common knowledge. The proper procedure in which to insert staples, as well as the proper number of staples, are not matters within the province of the common man. A review of Kansas law suggests that the facts and circumstances here present sufficiently complex issues concerning the standard of care and causation such that the common knowledge exception does not apply.

The court is also persuaded that the mere presence of a scar is not adequate to show a lack of reasonable care. The issue of whether a resulting scar was something more than anticipated following a medical procedure requires expert medical testimony. See, e.g., Stevens v. Union Memorial Hospital, 47 Md.App. 627, 424 A.2d 1118, 1119-21 (1981)(no showing of medical malpractice or res ipsa loquitur where plaintiff failed to produce expert witness that scars were direct result of negligent treatment); Hines v. Silos-Badalamenti, 2006 WL 2933944 at * 4(N.J.Super.A.D. 2006)(removal of lesion from plaintiff's arm for biopsy and "the likelihood of the resulting scar are areas involving treatment and judgment requiring medical expertise, which is beyond the realm of common knowledge"). A poor result, in and of itself, does not warrant application of the common knowledge exception. See Esquivel v. Watters, 286 Kan. 292, 183 P.3d 847, 850 (2008) (negligence "may not be inferred from a lack of success or an adverse result from treatment").

Finally, the court finds no merit to the plaintiff's argument based on the Seventh Amendment. Plaintiff has suggested that the court should not grant summary judgment to the defendants because it would violate his right to a trial under the Seventh Amendment. This contention is unsupported by legal authority and is meritless. See Shannon v. Graves, 257 F.3d 1164, 1167 (10th Cir.2001) ("The Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means that no triable issue exists to be submitted to a jury.").

9

V.

In sum, the court finds that CMH and Dr. Speer are entitled to summary judgment for the foregoing reasons.

**IT IS THEREFORE ORDERED** that defendant Dr. George Speer's motion for summary judgment (Doc. # 50) be hereby granted. Judgment shall be entered for the defendant and against the plaintiff.

**IT IS FURTHER ORDERED** that defendant Cushing Memorial Hospital's motion for summary judgment (Doc. # 52) be hereby granted. Judgment shall be entered for the defendant and against the plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion clarifying two points (Doc. # 54), which the court has construed as a motion to amend, be hereby denied.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2012 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge